The law reads as follows:
 "After a prima facie case is established, there is a presumption that the peremptory challenges were used to discriminate against black jurors. Batson, 476 U.S. at 97, 106 S.Ct. at 1723. The state then has the burden of articulating a clear, specific, and legitimate reason for the challenge which relates to the particular case to be tried, and which is nondiscriminatory. Batson, 476 U.S. at 97, 106 S.Ct. at 1723. However, this showing need not rise to the level of a challenge for cause. Jackson, [516 So.2d 768 (Ala. 1986)]; [State v.] Neil, 457 So.2d [481] at 487 [(1984)]; [People v.] Wheeler, 22 Cal.3d [258] at 281-82, 583 P.2d [748] at 765, 148 Cal.Rptr. [890] at 906 [(1978)].
"* * *
 "Batson makes it clear . . . that '[t]he State cannot meet this burden on mere general assertions that its officials did not discriminate or that they properly performed their official duties. Rather, the State must demonstrate that "permissible racially neutral selection criteria and procedures have produced the monochromatic result." ' Batson, 476 U.S. at 94, 106 S.Ct. at 1721, citing Alexander v. Louisiana, 405 U.S. 625, 632, 92 S.Ct. 1221, 1226, 31 L.Ed.2d 536 (1972). Furthermore, intuitive judgment or suspicion by the prosecutor is insufficient to rebut the presumption of discrimination. Batson, 476 U.S. at 97, 106 S.Ct. at 1723. Finally, a prosecutor cannot overcome the presumption 'merely by denying any discriminatory motive or "affirming his good faith in individual selections." ' Batson, 476 U.S. at 98, 106 S.Ct. at 1723, citing Alexander, 405 U.S. at 632, 92 S.Ct. at 1226." (Emphasis added.)
Ex parte Branch, 526 So.2d 609, 623 (Ala. 1987).
I was almost persuaded to dissent in this case because it appeared that the State had failed to meet its burden of giving "clear, specific and legitimate" reasons for challenging several black persons on the venire. I concur in the result only because I am not convinced that the prosecutor and the trial judge failed to carry out their responsibilities underBatson. Also, after the state gave its reasons for the challenges, the petitioner failed to show that other venire persons having the same characteristics were not challenged.
The record shows that the prosecutor, under oath, stated that he had no discriminatory purpose when he exercised his peremptory challenges, and the trial court specifically found that "the testimony given by the District Attorney was truthful and that there was no purposeful racial discrimination involved in the selection of the jury that tried [the case]."
In view of this finding by the trial judge, I agree with the result reached, because the Supreme Court of the United States, in Batson, in footnote 21, 476 U.S. at 98, 106 S.Ct. at 1724, did state that "[s]ince the *Page 714 
trial judge's findings . . . largely will turn on evaluation of credibility, a reviewing court ordinarily[1] should give those findings great deference" (emphasis added).
I must hasten to add, however, that compliance in this case was, at most, minimal. Some of the reasons given by the district attorney are somewhat similar to those set out by Mr. Justice Marshall in his special concurring opinion inBatson, where he expressed fears that the Batson mandate might not be followed by prosecutors and trial judges. Mr. Justice Powell tried to allay Mr. Justice Marshall's fears. In footnote 21, 476 U.S. at 98, 106 S.Ct. at 1724, he wrote that ordinarily "great deference" should be given to the findings of fact made by the trial judge, and he addressed specifically the fears expressed by Mr. Justice Marshall that prosecutors and trial judges would not enforce Batson, by stating the following in footnote 22, 476 U.S. at 99, 106 S.Ct. at 1724:
 "While we respect the views expressed in Justice Marshall's concurring opinion, concerning prosecutorial and judicial enforcement of our holding today, we do not share them. The standard we adopt under the federal Constitution is designed to ensure that a State does not use peremptory challenges to strike any black juror because of his race. We have no reason to believe that prosecutors will not fulfill their duty to exercise their challenges only for legitimate purposes. Certainly, this Court may assume that trial judges, in supervising voir dire in light of our decision today, will be alert to identify a prima facie case of purposeful discrimination. Nor do we think that this historic trial practice, which long has served the selection of an impartial jury, should be abolished because of an apprehension that prosecutors and trial judges will not perform conscientiously their respective duties under the Constitution."
It is apparent that the United States Supreme Court expressed great confidence that prosecutors and trial judges would "perform conscientiously their respective duties under the Constitution," and I share that confidence.
While some of the race-neutral reasons stated by the prosecutor in this case are not as clear and specific as they might have been, and while some of them are quite similar to the examples set out by Mr. Justice Marshall in his special concurring opinion in Batson, I cannot say that the trial judge was clearly wrong in denying the petitioner a new trial. But I must point out again that I believe that this case only minimally complies with the requirements of Batson, because there was very little voir dire directed to the challenged black jurors and therefore very little to indicate that they might be partial to the petitioner other than that they shared the same race. In this connection, let me say that I believe the Supreme Court, in Batson, placed particular emphasis on the value of voir dire in determining whether race-neutral reasons are present to support prosecutorial challenges. I would further point out that counsel for petitioner specifically asked that the trial judge limit the total number of the venire to 36 — the minimum required by law — in order to limit the number of peremptory challenges available to the state.
[1] I note that the majority opinion omits the word "ordinarily" from its statement of the rule.